UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JESSICA L. RIVERA
    Plaintiff,

v.

CROSS ENVIRONMENTAL SERVICES, INC.,
a Florida corporation,
    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JESSICA L. RIVERA (the "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, CROSS ENVIRONMENTAL SERVICES, INC. (the "Defendant"), and in support states as follows:

## JURISDICTION AND VENUE

1. This action seeks damages as a result of Defendant's sexual harassment of Plaintiff during Plaintiff's employment with Defendant, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

2. Defendant is a Florida corporation authorized to conduct business in the State of Florida.

3. Plaintiff was at all relevant times hereto a resident of Pasco County, Florida.

4. Plaintiff was at all relevant times hereto an employee of Defendant.

5. At all relevant times hereto, Defendant was Plaintiff's employer and employed no less than fifteen (15) employees for each of twenty (20) or more work weeks in the current or preceding year.

6. Defendant is accordingly an "employer" as defined by Title VII.

7. Plaintiff alleges causes of action for sexual harassment under Title VII, as a result of the sexual harassment and retaliation based discrimination she experienced by Defendant.

8. The violations complained of herein occurred in Pasco County, Florida.

9. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination and hostile work environment based on sexual harassment.

10. Plaintiff's Charge of Discrimination was dually filed with the Florida Commission on Human Relations ("FCHR"), the State of Florida equivalent of the EEOC.

11. On September 25, 2025, a notice of Right to Sue was received by Plaintiff.

12. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS

13. Plaintiff started working for Defendant in early May 2023 as a laborer.

14. Beginning in March 2024, she became the target of persistent sexual harassment by her supervisor, Kember Thomas ("Thomas").

15. Thomas began propositioning the Plaintiff for sex in exchange for money, treating her as though she were a prostitute.

16. Thomas sent inappropriate text messages asking for sexual favors and pleading with Plaintiff not to disclose his behavior and/or requests, all of which Plaintiff rejected.

17. On May 10, 2024, Thomas once again asked Plaintiff and questioned her refusal by stating "what are you afraid of", and why Plaintiff would not agree to his advances.

18. Plaintiff demanded that Thomas stop, in which for several weeks he ceased this behavior.

19. However, in early July 2024, while working at the Fort Pierce job site for Defendant, Thomas verbally assaulted Plaintiff, shouting and defaming her by loudly claiming that she was a lesbian because she refused to have sex with him.

20. Plaintiff was shocked, scared, and left early due to Thomas' aggressive behavior.

21. Thomas often consumed alcohol during work hours, which exacerbated his aggressive tendencies.

22. On July 16, 2024, Plaintiff reported the sexual harassment to Defendant's manager Scott A. Millard ("Millard").

23. During the discussions Plaintiff explained that she had not reported Thomas' behavior sooner for fear of retaliation, Plaintiff could not afford to lose her job.

24. Mr. Millard assured Plaintiff that she would not lose her position with Defendant, and that she would be safe within Defendant's company.

25. Plaintiff also reported the harassment to the company owner, Mr. Jayde (LNU), but received no response.

26. Although, initially, everything appeared to be normal, slowly but gradually Plaintiff's workdays were reduced, and was eventually terminated.

27. Plaintiff was not called back to work after October 21, 2024.

28. Plaintiff's termination was a direct result off her decision to report the sexual harassment she endured from Thomas.

29. This retaliatory discharge has caused Plaintiff significant emotional distress and financial hardship.

## COUNT I
### Sexual Harassment in Violation of Title VII
### Hostile Work Environment

30. Plaintiff re-adopts each and every factual allegation as stated in Paragraphs 1-29 of this Complaint as if set out in full herein.

31. Plaintiff is a member of a protected class under Title VII.

32. As part of its protections, Title VII prohibits sexual harassment.

33. The conduct in which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

34. The harassing conduct to which Plaintiff was subjected and perpetrated against her as a result of her gender (female) and constituted actionable sexual harassment.

35. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

36. As a result of the sexually harassing conduct to which Plaintiff was subjected to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

  benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees and costs; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Retaliation in Violation of Title VII

37. Plaintiff re-adopts each and every factual allegation stated in Paragraphs 1-29 of this complaint as if set out in full herein.

38. Defendant is an employer as defined under Title VII.

39. The foregoing allegations establish a cause of action for unlawful retaliation because Plaintiff reported unlawful sexual harassment during employment with Defendant and was the victim of retaliation thereafter.

40. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter as evidenced by the treatment Plaintiff faced shortly after reporting Thomas'

unwanted sexual advances.

41. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

42. Plaintiff's damages are continuing and permanent.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement against Defendant, and find that Defendant indeed violated the Title VII and in addition, order the following additional relief.

a. Declare the acts complained herein are in violation of Title VII;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits,, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees;

    i. Grant Plaintiff's of this action including reasonable attorney's fees;

    j. Grant Plaintiff a trial by jury; and

    k. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Dated: December 23, 2025

Respectfully submitted,

By: /s/ *Shedwin Eliassin*
Sara L. Cortes, Esq.
Florida Bar No.: 1049208
Shedwin Eliassin, Esq.
Florida Bar No.: 1060990
GALLARDO LAW OFFICE, P.A.
Attorneys for Plaintiff
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Email: sara.cortes@gallardolawyers.com
shedwin.eliassin@gallardolawyers.com
employment@gallardolawyers.com